■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BENJAMIN RYDER, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered October 30, 1972, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. Case remanded to the Supreme Court to hear and decide on the issue whether defendant's statement to Detective Pravetz was voluntary (see CPL 710.60, subd 6). Appeal held in abeyance in the interim. A hearing was held before the trial to determine the admissibility of a confession made by defendant during interrogation at a police precinct. As a result of that hearing, the trial court found, *inter alia*, that defendant was brought into the stationhouse at approximately 8:00 P.M. His attorney was called at approximately 10:30 P.M. and told that defendant had been brought into custody on suspicion of arson, but that he had not made any statements concerning the arson. The attorney told the police to tell defendant that he would come to the precinct in about 30 or 40 minutes. When the attorney arrived at approximately 11:00 P.M., he was told that, under questioning, defendant had already made an incriminating statement with respect to a burglary. The trial court further found that proper *Miranda* warnings had been given to defendant before he made the statement and that he was formally arrested at about 11:00 P.M. The trial court concluded that the incriminating statement was admissible, as a matter of law, without making a finding of fact as to when defendant had made his confession. Although it is clear from the trial court's findings that the constitutionally required *Miranda* warnings were timely given, the question of the voluntariness of defendant's confession cannot be adequately resolved until it is determined whether defendant was also afforded his concomitant right to counsel in a timely fashion. Essential to such a determination is a resolution of the question whether defendant was questioned and his confession obtained before or after his request for counsel (cf. *People v McKie,* 25 NY2d 19). Accordingly, the determination of this appeal must be withheld and the case remanded to the trial court for the holding of a suppression hearing, which hearing will permit a full exposition of the relevant evidence bearing on the voluntary nature of defendant's statement, after which the trial court will make findings of fact and conclusions of law upon the basis of the evidence

adduced. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.